UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SAMUEL SCHECHTER, individually and as a Shareholder,
Officer and/or Director and in the name and right of Summit
at Pomona, Ltd. (f/k/a Grand Island Development Corp.)
(Summit #1) and (Summit at Pomona Ltd (Summit (#2),
MARCIA SHECHTER, C.A.S. CONSTRUCTION CORP.,
ELLES CONSORTIUM CORP., FOSTER-EWART
MANAGEMENT CORP., HIGHWOODS OF POMONA
CORP., KANAJE CORP., LISA DEVELOPMENT CORP.,
MARSAM CONSTRUCTION CORP., MOUNT POMONA
BUILDING CORP., PLUM POINT DEVELOPMENT CORP.,
POMONA HEIGHTS, INC., R.A.P. REAL ESTATE
DEVELOPMENT CORP., REDWOODS AT POMONA,
THE PARTNERSHIP, REDWOODS AT POMONA, LTD.,
SHECHTER CONSTRUCTION CORP., S.O.S.
CONSTRUCTION CORP., YOMATSU, LTD., AIRLINE
CONSTRUCTION CORP.,

05 Cv. 10638 (CLB)

Plaintiffs,

*Memorandum and Order*

- against -

MICHAEL A. ALPERT, individually and as the Purported
Sole Partner of Summit at Pomona, a Partnership,
SUMMIT AT POMONA, the Partnership, JOHN and
JANE DOES #1 through #10 whose names are presently
unknown to plaintiffs,

Defendants.
------------------------------------------------------------------------x
Brieant, J.

Before this Court in this diversity case controlled by New York Law is Defendants' motion to dismiss (Doc. 14), filed on January 20, 2006. Opposition papers were filed on February 14, 2006. No reply papers have been filed by Defendants. Oral argument was heard on February 24, 2006.

1

On December 21-22, 2005, this Court held a hearing pursuant to an Order to Show Cause in this case at which Plaintiffs sought a preliminary injunction. Counsel agreed to an order so that the *status quo* would be maintained. *See transcript*, 12/21/05-12/22/05. The following facts were presented to the Court at that time, or on the oral argument of this motion, or appear from the pleadings and are relevant to this pending motion, and for the purposes of this motion are assumed to be true.

Plaintiffs Mr. Samuel and Mrs. Marcia Shechter, through their ownership interest in certain business entities, listed below, and ownership of certain real estate, have been involved in real estate construction and development in Rockland County, New York for several decades. Plaintiff 21 Business Entities are as follows:

- Summit at Pomona LTD. (f/k/a Grand Island Development Corp.) (Est. 1987) ("Summit #1")
- Summit at Pomona LTD. (Est. 1999) ("Summit #2")
- C.A.S. Construction Corp.
- Elles Consortium Corp.
- Foster-Ewart Management Corp.
- Grand Island Development Corp.
- Highwoods of Pomona Corp.
- Kanaje Corp.
- Lisa Development Corp.
- Marsam Construction Corp.
- Mount Pomona Building Corp.
- Plum Point Development Corp.
- Pomona Heights Inc.
- R.A.P. Real Estate Development Corp.
- Renwoods at Pomona (a partnership)
- Shechter Construction Corp.
- S.O.S. Construction Company
- S.O.S Construction Corp.
- Spring Valley Capital Corp.
- Yomatsu LTD.
- Airline Construction Corp.

Mr. Samuel Shechter and his brother (who is now deceased) purchased property in Rockland County in the 1960's and developed the property for a residential subdivision. This project became known as Highgate Estates and was located in the Village of Pomona. Samuel Shechter's wife, Marcia Shechter, was the owner of certain lots in the subdivision and had an ownership interest in certain business entities her husband established in order to develop Highgate Estates.

In the early 1990's, Samuel Shechter's then accountant retired to Florida. Samuel Shechter then met Defendant Michael A. Alpert, a certified public accountant, who offered his services to Mr. Shechter. Mr. Alpert thereafter in 1993 became Mr. Shechter's business partner in 1993 and agreed to file corporate tax returns for Shechter's business entities for certain years. Plaintiffs contend, and Mr. Alpert admits, that Mr. Alpert did not file tax returns for most of the entities named in the letter of engagement. Mr. Shechter discovered this for the first time in 2005.

Plaintiffs contend that Defendant Mr. Alpert submitted incomplete records to Plaintiffs that they requested pursuant to New York Business Corporations Law; never capitalized the corporation, as Plaintiffs claim he agreed to do, in exchange for an ownership interest; abused Mr. Shechter's trust in order to divest Mr. Shechter from the partnership; has left the companies' books and records in disarray, either negligently or in an effort to defraud the Shechters; and has taken money.

Defendants now move to dismiss under Rule 12(b)(6) under numerous theories.

By their motion, Defendants seek dismissal of Plaintiffs' complaint as against Summit at Pomona, the Partnership (Summit II); dismissal of Marcia Schechter's claims; "partial dismissal of the Sixth and Seventh claims (Breach of Contract and Breach of Implied Contract); "partial dismissal of the First, Third, Fourth, Sixth and Seventh claims, and dismissal of the Eighth Claim in its entirety based on the New York Statute of Limitations; "partial dismissal of the Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh claims as pertains to an award of punitive damages, and last but not least "dismissal of Addendum M to the Complaint as pertains to an award of counsel fees, expert witness fees and costs and disbursements.

A reading of this litany suggests that the Complaint violates the spirit of Rule 8(a)(2) Fed.R.Civ.P., in that it is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Equally apparent is that, even if granted in full, the motion would not end the litigation nor would it give rise to an appealable order. Although it seems a purposeless exercise in pleading, the motion is brought under the somewhat outmoded provisions of Rule 12(b)(6) and is permissible, although wasteful and dilatory.

The standard for such motions is well known. They are addressed to the face of the Complaint. The Supreme Court has instructed that a complaint may be dismissed only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Even where the motion is

granted, leave to amend is freely granted, 2 Moore's Fed. Practice § 12, 34[5].

In the absence of adequate pre-trial discovery, this Court declines as a matter of discretion to rely on affidavits to the extent they do more than authenticate a public record, and declines to convert the motion into a Rule 56 motion. Mr. Alpert's affidavit shows at most that he is a 50% owner, along with Mr. Shechter of Summit No. 2 and its predecessor corporation. It does not serve to negate the claims made in the Complaint.

The Court agrees that the Summit at Pomona, Ltd. partnership is a proper party, at least for the purpose of declaratory, equitable or injunctive relief. The failure of the Complaint at this stage of the litigation to demand damages against the partnership does not justify dismissal. At least in theory, money damages could be awarded against the partnership, although it does appear that, if successful, Plaintiff may obtain adequate relief against Mr. Alpert, including the levy of execution of a judgment against his interests in the partnership.

Plaintiff Marcia Shechter pleads an adequate equitable claim against the partnership for having acquired title to some of the lots without consideration.

To the extent the Complaint pleads tort claims against Mr. Alpert, he may be sued individually. If in fact the contract claims are based on an agreement with Mr. Alpert's

professional corporation, an Amended Complaint should be filed naming that entity as an added defendant.

Rule 12 does not extend to "partial dismissal" of a claim as time barred only in part. Whether the statute of limitations is tolled as to any claim by the doctrines of "continuing representation" "fraudulent concealment" or "abuse of trust" is a fact-intensive issue, and cannot be determined on the record presently before the Court.

This Court agrees that there is no such thing as a separate claim for punitive damages, and
ordinarily such damages may not be recovered in ordinary breach of contract cases. Claiming such relief, however, does not result in a dismissal of the Complaint. The same is true of the demand for counsel fees.

**Conclusion**

The Complaint in its present verbose and repetitive form is adequate to give notice of the claims(s). That is all that is required under Rule 8 and the case law.

Plaintiffs, if so advised, may file an amended complaint within twenty (20) days adding Mr. Alpert's professional corporation, with which the Letter of Engagement was signed, as an additional defendant on the contract claims.

In all other respects the motion is denied, with leave to renew as a Rule 56 motion when pre-trial discovery is complete.

X

      X

           X

              X

                  X

                    X

                      X

SO ORDERED.

Dated: White Plains, New York
      March 14, 2006

                                        */s/ Charles Brieant*
                                    Charles L. Brieant, U.S.D.J.